UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
CECILIO REYES,                              :
                                            :
                    Petitioner,             :
                                            :        08 Civ. 8645 (GEL)
        -v.-                                :
                                            :             **ORDER**
THE PEOPLE OF THE STATE OF NEW YORK,        :
                                            :
                    Respondent.             :
                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Cecilio Reyes, a recently-released New York State prisoner, petitions for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction upon his guilty plea of criminal sale of a controlled substance and bail jumping, and his resulting concurrent sentences of two-and-a-half to five years in prison. The petition is without merit and will be denied.

      Construing Reyes's pro se submission liberally, he raises two claims. First, he contends that he was merely present when another party transferred a drug sample, and was "forced to plead guilty" as a result of unspecified "attorney misrepresentation." Second, he seeks to have his sentences in this matter run concurrently with a prior sentence. Both claims are without merit.[1]

      Reyes's claim that his plea was involuntary is refuted by the transcript of his plea allocution. Reyes pled on the morning of his scheduled trial, and was clearly somewhat reluctant to accept the quite favorable plea deal that was offered to him, at one point suggesting that he was not in fact guilty (Litsky Decl. Ex. G at 8), and twice asking for a better sentencing offer of two to four years (id. at 7, 11). Reyes was in a difficult position, as the trial was about to start, his chance of acquittal on the bail jumping charge was vanishingly small, and that charge alone could have resulted in a sentence longer than what he was being offered. Accordingly, he stated at one point that he was pleading guilty because "I have no choice." (Id. at 16.) But the judge meticulously advised him that he had every right to go to trial (see id. at 13, 16-17) and that the choice was his.

      Although his options were unpalatable, Reyes did have a choice to make, and he made it. As Reyes recognized, a plea was in his best interests. As he put it, "I'm going to plead guilty because

---

[1] The State argues that Reyes's petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). However, this Court's Pro Se Office received Reyes' original petition on May 27, 2008, within one year of Reyes' conviction becoming final. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The October 23, 2008, petition referred to by the State is Reyes' *amended* petition, which Reyes promptly filed in response to the Court's Order of October 9, 2008, directing that he delineate his claims more specifically.

the trial is going to be worse." (Id. at 13.) The trial judge clearly and carefully explained the situation: "[I]f you feel you're being pushed into this, I'm going to bring the jury panel in because I don't want anyone ever to feel pressured to take a plea. You should not feel that way. Anyone charged with a crime is in a difficult position. I'm not saying you shouldn't feel that you wish you were somewhere else doing something else, but the question is, are you choosing to plead guilty today?" Reyes answered, "Yes." (Id. at 17.) Asked again later whether he wanted to go to trial, he replied, "No." (Id. at 18.) When Reyes appeared to equivocate about this conclusion, the court decided not to take the plea, and to proceed to trial. (Id. at 19.) The court returned to the plea only when Reyes insisted on that course of action, advising the court that he had simply misunderstood the court's question and had not meant to express any further reluctance. (Id. at 20.) Finally, Reyes stated without qualification that he was pleading guilty "voluntarily and of [his] own free will" (id. at 21), that no one had threatened or coerced him to plead guilty (id.), and that he wanted to plead guilty (id. at 23). He then specifically admitted that he had sold cocaine to another person and jumped bail, as charged in the indictment. (Id. at 23-24.) Given this record, Reyes's present conclusory assertion that his plea was involuntary is unsustainable.

His sentencing claim fares no better. First, whether sentences should be made to run concurrently or consecutively is purely a question of state law and is not cognizable on a habeas petition. United States v. McLean, 287 F.3d 127, 136-37 (2d Cir. 2002) (finding that there is no constitutional right to concurrent, rather than consecutive, sentences); Lopez v. Goord, No. 05 Civ. 5855, 2008 WL 3158447, at *4 (S.D.N.Y. Aug. 5, 2008), citing Davis v. Herbert, No. 02 Civ. 4908, 2003 WL 23185747, at *15 (E.D.N.Y. Oct. 24, 2003). Second, as a matter of state law, because the crimes charged in this indictment were committed after Reyes's prior sentence was imposed, state law not only permitted but required a consecutive sentence. N.Y.P.L. § 70.25(2-a); People ex rel. Gill v. Greene, 12 N.Y.3d 1, 6 (2009). Finally, as Reyes has now been released from custody and deported to the Dominican Republic, the issue of whether Reyes' sentences should run concurrently or consecutively is moot.

Accordingly, the petition for habeas corpus is without merit and is denied. As Reyes has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). Reyes may, however, seek such a certificate, or pursue any other available appellate remedies, in forma pauperis.

SO ORDERED.

Dated: New York, New York
April 21, 2009

_____
GERARD E. LYNCH
United States District Judge

Copy to:
Cecilio Reyes
114305
ICE District Staging Facility
20 Bradston
Bldg. 8
Boston, MA 02118